IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK J. ELLERBE,                          :
    Plaintiff,                              :
                                            :
    v.                                      :    CIVIL ACTION NO. 23-CV-4877
                                            :
CEO/PRESIDENT OF SEPTA                        :
    Defendant.                              :

**MEMORANDUM**

**BAYLSON, J.**                                          **DECEMBER 14, 2023**

Derrick J. Ellerbe, a frequent litigator in this Court,[1] has filed a civil rights Complaint

naming the CEO/President of SEPTA as the Defendant.[2]  Ellerbe recently filed a nearly identical

---

[1] To date, Ellerbe has filed at least 33 civil rights actions, two habeas corpus petitions, and seven other cases in this Court, none of which have been deemed to have merit.  He is also subject to a prefiling injunction imposed in *Ellerbe v. United States Department of Justice*, No. 22-4514 (E.D. Pa.) due to his malicious litigation activity of repeatedly reasserting nearly identical non-meritorious claims alleging that he had been harassed, kidnapped, and held captive by governmental officials.  (*See id.*, ECF No. 7.)  Numerous other materials Ellerbe submitted to the Court have been returned to him unfiled by the Clerk of Court because they involved allegations within the scope of the injunction.

[2] In his Complaint, in addition to citing 42 U.S.C. § 1983, the vehicle by which constitutional claims may be brought in federal court against state actors, and 28 U.S.C. § 1343, the statute granting federal district courts subject matter jurisdiction over civil rights claims, Ellerbe also cites several federal criminal statutes, namely 18 U.S.C. §§ 241, 242, and 245. (Compl. at 3.)  These sections establish criminal liability for certain deprivations of civil rights and conspiracy to deprive civil rights.  However, a plaintiff cannot bring criminal charges against a defendant through a private lawsuit, and these sections do not give rise to a civil cause of action.  *See Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001) (stating that civil claims brought under §§ 241 and 242 are "unmeritorious because those statutes do not create a civil cause of action enforceable by the Plaintiff"); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992) (same, citing *U.S. ex rel. Savage v. Arnold*, 403 F. Supp. 172 (E.D. Pa. 1975)); *see also United States v. Philadelphia*, 644 F.2d 187, 201 (3d Cir. 1980) (holding that neither these sections, nor the Fourteenth Amendment itself "create in the government a right to maintain this action" for a civil injunction remedy) (overruled on other grounds as recognized in *Jones v. Sussex Corr. Inst.*, 725 F. App'x 157, 160 (3d Cir. 2017)).  Accordingly, to the extent Ellerbe seeks to assert claims pursuant to these statutes the claims are dismissed.

Complaint naming SEPTA as the Defendant, which was dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  *See Ellerbe v. SEPTA*, No. 23-4134, 2023 WL 7413331 (E.D. Pa Nov. 9, 2023).  For the following reasons, Ellerbe's Complaint is dismissed with prejudice.

## I.      FACTUAL ALLEGATIONS[3]

As with his earlier case, Ellerbe alleges that on October 22, 23, and 24, 2023, and on other dates, he was "denied his constitutional right not to abuse drugs on public vehicles or anywhere else." (Compl. at 3.)  He also claims he is being denied "the right to dress in his own clothing and to stay dressed until he decides to undress all by himself in privacy without the perpetrators and the general public watching and commenting after consciousness has been regained or [he] has awakened from this humiliating nightmare." (*Id*.)  He claims that SEPTA has "chemicals that can remove the smell of any deodorant, foot powder, bath soap, body wash or anything that normally smells good and make it smell like vomit, foot odor, underarm odor, and body waste." (*Id*.)  Ellerbe complains that he has suffered injuries to his neck, back, stomach, shoulders and nasal passages. (*Id*. at 4.)  He asserts he has been denied his rights to due process and equal protection of the laws. (*Id*. at 3.)  He seeks an order that the Defendant cease and desist from this activity and that prosecutors be alerted. (*Id*.)  He also seeks money damages. (*Id*. at 4.)

## II.     STANDARD OF REVIEW

Ellerbe has not paid the filing fee for this case nor sought permission to proceed *in forma pauperis*.  Until recently, this Court would have been precluded from addressing a plaintiff's

---

[3] The factual allegations set forth in this Memorandum are taken from Ellerbe's Complaint (ECF No. 1).  The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

pleadings unless and until the plaintiff either paid the filing fee or was granted leave to proceed

*in forma pauperis*. *See, e.g.*, *Francis v. State of N.J. Office of Law Guardian*, 289 F. App'x 472,

474 (3d Cir. 2008) (*per curiam*) (explaining that district court erred in addressing complaint

before IFP was granted, because the "complaint was not yet subject to dismissal"); *Urrutia v.*

*Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 458 & n.13 (3d Cir. 1996) (explaining that an action

commences when a plaintiff pays the fees or following a determination that the litigant is entitled

to *in forma pauperis*).  However, in *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*),

the United States Court of Appeals for the Third Circuit announced a "flexible approach" that

permits the screening of complaints filed by pro se litigants pursuant 28 U.S.C. § 1915, even if

no fee has been paid and no request to proceed *in forma pauperis* has been filed.  *Id.* ("[W]e hold

that a court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless

of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and

evaluate an IFP application in either order or even simultaneously.").  This process, the *Brown*

court noted, "permits courts to move early to screen complaints in order to conserve judicial

resources and 'the resources of defendants forced to respond to baseless lawsuits.'"  *Id.* (quoting

*Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012)).

Section 1915(e)(2)(B)(i) requires the Court to dismiss Ellerbe's Complaint if it is, *inter*

*alia*, malicious.  "A court that considers whether an action is malicious must, in accordance with

the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's

motivations at the time of the filing of the lawsuit to determine whether the action is an attempt

to vex, injure or harass the defendant."  *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir.

1995).  In that regard, "a district court may dismiss a complaint as malicious if it is plainly

abusive of the judicial process or merely repeats pending or previously litigated claims."

*Brodzki v. CBS Sports*, No. 11-841, 2012 WL 125281, at \*1 (D. Del. Jan. 13, 2012).

Section 1915(e)(2)(B)(i) also requires the Court to dismiss the Complaint if it is

frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably

meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  As Ellerbe

is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182,

185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir.

2013)).

## III.    DISCUSSION

Ellerbe's allegations about being forced to abuse drugs on SEPTA vehicles, being denied

the right to stay dressed in his own clothing (*i.e.*, having his clothing involuntarily removed

while on SEPTA vehicles), and SEPTA's use of chemicals to make him smell bad were

previously dismissed as frivolous.  *Ellerbe*, 2023 WL 7413331, at \*2.  His nearly identical

allegations in this case are also frivolous and are malicious, since Ellerbe has merely changed the

named Defendant from SEPTA to its CEO/President, while repeating the same allegations the

Court had already determined to be frivolous.  This conduct is clearly abusive of the judicial

process.  Moreover, having already dismissed Ellerbe's claims against SEPTA with prejudice,

any attempt to reassert them against SEPTA's CEO/President is barred by the doctrine of claims

preclusion.  *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) ("Claim preclusion — which

some courts and commentators also call *res judicata* — protects defendants from the risk of

repetitive suits involving the same cause of action once a court of competent jurisdiction has

entered a final judgment on the merits."  (internal quotations omitted)); *Gambocz v. Yelencsics*,

468 F.2d 837, 841 (3d Cir. 1972) (stating that *res judicata* may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between the successive defendants).

Accordingly, the Complaint is dismissed with prejudice.  Should Ellerbe persist in filing cases raising these allegations, the Court will consider imposing a pre-filing injunction.  An appropriate Order will be entered separately.  *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

**/s/ Michael M. Baylson**

**MICHAEL M. BAYLSON, J.**